IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT LEE, JR., | ) | CASE NO. 1:10-CV-00151 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS CITY OF** |
| LEE LUCAS, *et al*., | ) | **CLEVELAND AND JAMAAL** |
| | ) | **ANSARI'S MOTION TO DISMISS** |
| Defendants. | ) | |
| | ) | |

Defendants City of Cleveland and Jamaal Ansari move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiff's complaint fails to satisfy the pleading requirements of Civil Rule 8 as those requirements have been interpreted by the U.S. Supreme Court.[1] Plaintiff's reliance on conclusory allegations and assertions made against all Defendants collectively fail to demonstrate a plausible right of recovery against Defendants City of Cleveland and Jamaal Ansari. The grounds for this motion to dismiss are more fully set forth in the attached Memorandum in Support.

                Respectfully submitted,

                ROBERT TRIOZZI (0016532)
                Director of Law

By:   s/ Jennifer Meyer_____
       JENNIFER MEYER (0077853)
       Assistant Director of Law
       JOSEPH F. SCOTT (0029780)
       Chief Assistant Director of Law
       Room 106 - City Hall

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009).

601 Lakeside Avenue
Cleveland, Ohio 44114
216-664-2800
216-664-2663 (fax)
jmeyer@city.cleveland.oh.us
jscott@city.cleveland.oh.us
ATTORNEYS FOR DEFENDANTS CITY
OF CLEVELAND AND JAMAAL
ANSARI

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT LEE, JR., | ) | CASE NO. 1:10-CV-00151 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS CITY OF** |
| LEE LUCAS, *et al.*, | ) | **CLEVELAND AND JAMAAL** |
| | ) | **ANSARI'S MEMORANDUM IN** |
| Defendants. | ) | **SUPPORT OF MOTION TO DISMISS** |
| | ) | |

Defendants submit this Memorandum in Support of their Motion to Dismiss.

**I.  Statement of Facts**

Plaintiff alleges that in 2005, he was charged, prosecuted, and incarcerated for over two years for crimes he did not commit.[2] Plaintiff's charges were dismissed on February 6, 2008 and he was released from prison.[3] Plaintiff filed his complaint on January 22, 2010. Plaintiff alleges violations the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, malicious prosecution, intentional infliction of emotional distress, conspiracy, and failure to train, and the City is liable under a theory of *respondeat superior*.[4]

Plaintiff's complaint is organized into four sections: Jurisdiction and Venue (¶¶ 4-6); the Parties (¶¶ 7-11); Factual Allegations (¶¶12-25); and Legal Claims (¶¶ 26-36).

---

[2] Comp. ¶ 1.

[3] Id. at ¶ 2.

[4] Id. at ¶¶26-36.

None of these sections contains any actual operative facts. Rather, all of the assertions are little more than conclusory statements that are not to be taken as true for the purposes of ruling on this Motion to Dismiss.

## II.   Law & Argument

### A. Standard of Review

The United States Supreme Court has clarified the standard that a trial court applies when evaluating a complaint under a Rule 12(b)(6) motion to dismiss. In *Bell Atlantic Corporation v. Twombly*, the Supreme Court rejected the *Conley v. Gibson* standard that requires there to be "no set of facts" that would entitle the plaintiff to relief.[5] Instead, the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…."[6] Plaintiff fails to do so and Defendants are entitled to dismissal of Plaintiff's Complaint.

Plaintiff Lee's complaint fails to show an entitlement to relief against Defendants City of Cleveland and Jamaal Ansari. The complaint is in fact devoid of any specific operative facts as to these Defendants that demonstrate any plausible right of recovery.

---

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007).

[6] *Id.* at 1964-65 (internal citations omitted).

4

Most recently, in *Ashcroft v. Iqbal*, the U.S. Supreme Court revisited and reaffirmed its pronouncements in *Twombly*.[7]  The *Iqbal* Court noted that while the pleading standard in Civil Rule 8 does not require detailed factual allegations, it does demand more than the unadorned, 'the defendant unlawfully harmed me' accusation.  A pleading that offers "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do."[8]  Rather, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[9]  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."[10]  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown "that the pleader's entitled to relief."[11]

### B. Plaintiff fails to make Factual Allegations beyond the Speculative Level against Defendants City of Cleveland and Jamaal Ansari and therefore, Defendants are entitled to a Dismissal.

Plaintiff's complaint does not allege any facts as to any specific acts of Defendants Jamaal Ansari and the City of Cleveland as to this Plaintiff.  The Sixth Circuit has held, "It is not enough for a complaint under § 1983 to contain mere

---

[7] --- U.S. ---, 129 S. Ct. 1937, 1948-50 (2009).

[8] *Id*. at 1949, citing *Twombly*, 550 U.S. at 555.

[9] *Twombly*, 550 U.S. at 570.

[10] *Id*. at 557.

[11] Civil Rule 8(a)(2).

conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."[12] Here, Plaintiff does not include even one factual allegation as to the conduct of either the City of Cleveland or Jamaal Ansari against this Plaintiff.

The only factual statement Plaintiff made regarding these Defendants is in the opening paragraphs of Plaintiff's complaint. "Jamal [sic] Ansari is or was a police officer employed by the City of Cleveland, Ohio and was part of a federal law enforcement task force."[13] Thereafter, the only references to either Defendant are in the collective with all other Defendants and in the context of some conclusory allegations.[14] It is well established that such conclusory allegations are not accepted as true when ruling on a motion to dismiss. Therefore, Defendants are entitled to a dismissal of Plaintiff's complaint.

### C. Jamaal Ansari is entitled to a Dismissal on Plaintiff's Federal Claims Brought in his Personal Capacity.

While Plaintiff asserts that all individually-named Defendants in their personal capacities are liable for alleged unconstitutional conduct, Plaintiff does not assert which actors deprived him of his constitutional rights. There are no allegations regarding any action or contact Ansari had with this Plaintiff. The only time Ansari is personal named

---

[12] *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) citing *Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971).

[13] Compl. at ¶ 11.

[14] For example see Compl. at ¶ 18, "In an effort to indict and imprison Plaintiff for crimes he did not commit, the Defendants, acting personally, as well by and through conspiracy with others, manipulated and coached witnesses, including Mr. Bray, and then withheld from the prosecutors and Plaintiff how they had done so."

6

in Plaintiff's complaint is when Plaintiff claims that from Lee Lucas' criminal trial it was revealed that Ansari and other Defendants knew that Jerell Bray tried to steal money and then hid that evidence.[15] Not only is this an incorrect statement from the trial testimony, it is completely irrelevant to this Plaintiff's case. This weak attempt to create some sort of cause of action based on altered testimony and an investigation that was not of this Plaintiff, just shows this Plaintiff is grasping at straws to create a cause of action against Jamaal Ansari.

An officer's participation in a constitutional violation must extend beyond mere "presence" before he can be liable under § 1983.[16] Plaintiff's allegations of mere presence does not show the plausibility of recovery against Ansari and fails to meet the pleading requirements of Civil Rule 8 as explained in *Twombly* and *Iqbal*, Jamaal Ansari is entitled to judgment as a matter of law in his personal capacity.

### D. Cleveland is entitled to Dismissal of Complaint for Failure to Train Allegations.

#### i. Cleveland is entitled to Statutory Immunity.

The City of Cleveland, like all Ohio political subdivisions, is generally immune from claims brought concerning its performance of a government function.[17] Revised Code § 2744.01 recognizes "[t]he provision or nonprovision of police . . . services or

---

[15] *Id*. at ¶ 22.

[16] *Aquisto v. Danbert*, 165 F.3d 26, No. 97-1668, 1998 WL 661145, *3 (6th Cir. Sept. 1, 1998) ("As a general rule, mere presence at the scene of the search, without a showing of direct responsibility for the action, will not subject an officer to liability." […] "To establish a *prima facie* case against Danbert, the plaintiff had to show a personal involvement on his part going beyond 'mere presence' or 'mere backup.'")

[17] R.C. § 2744.02 (A)(1).

protection," as a governmental function for which a municipality is entitled to immunity.[18] There is no question that training of police officers falls within the definition of this governmental function.[19]

Furthermore, a political subdivision can be liable in tort only in a limited number of circumstances where an exception to this general immunity applies. The limited exceptions to a municipality's immunity explicitly enumerated in R.C. § 2744.02(B) are as follows: (1) negligent operation of motor vehicles by municipal employees; (2) negligent acts with respect to proprietary functions; (3) failure to keep public roads free from nuisance; (4) negligence of municipal employees within or on grounds of public buildings; and (5) when liability is expressly imposed upon a municipality by the Revised Code.[20] Plaintiff has alleged no facts to support the application of any of these five exceptions, and none apply.

Because none of the exceptions enumerated in R.C. § 2744.02 apply, Cleveland is entitled to statutory immunity. Accordingly, Cleveland is entitled to judgment as a matter of law on Plaintiff's failure-to-train claim.

      **ii. To the Extent Plaintiff brings his Failure-to-Train Claim under Federal Law, He can Present No evidence that Cleveland's Training Fails to Meet Constitutional Standards.**

Nor can Plaintiff provide anything other than baseless conclusory allegations to support his failure-to-train claim under Federal Law. Despite the fact that the incident is

---

[18] R.C. § 2744.01.

[19] *McCloud v. Nimmer*, 72 Ohio App. 3d 533, 536-38 (Ohio App. 8th Dist. 1991).

[20] R.C. § 2744.02.

8

clearly a federal investigation run by the DEA, Plaintiff alleges that Cleveland "policy makers…exhibited deliberate indifference…" and "declined to implement sufficient training."[21] Plaintiff bears the burden of providing more than simply reciting magic words of a cause of action. He at least must allege sufficient operative facts to establish a plausible entitlement to recovery against the City of Cleveland "itself." A municipality cannot be held liable for the unconstitutional actions of its employees under a theory of *respondeat superior*.[22] Instead, a plaintiff seeking to establish municipal liability under Federal Law must "identify conduct properly attributable to the municipality itself."[23]

Second, Plaintiff "must show that the municipal action was taken with the requisite degree of culpability."[24] "A showing of deliberate indifference requires a showing of something more culpable … than a negligent failure to recognize [a] high risk of harm."[25] Finally, Plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of constitutional rights."[26] Plaintiff must

---

[21] Compl. at ¶¶ 33-34.

[22] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989), citing *Monell v. Department of Soc. Servs. of City of New York* 436 U.S. 658 (1978).

[23] *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003), quoting *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).

[24] *Id*.

[25] *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 912 (6th Cir. 1995), quoting *Black v.Indiana Area Sch. Dist.*, 985 F.2d 707, 712-12 (3d Cir. 1993) (internal citations omitted). See also, *Lewis v. City of Irvine, Kentucky*, 899 F.2d 451, 455 (6th Cir. 1990) (It does not suffice "to prove that an injury or accident could have been avoided if [the employee] had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.").

[26] *Cherrington*, 344 F.3d at 645, quoting *Board of Cty. Comm'rs of Bryan Cty.*, 520 U.S. at 404.

demonstrate that, through Cleveland's deliberate conduct, the unconstitutional conduct of Cleveland itself was the moving force behind the injury alleged.[27] Again, Plaintiff makes mere conclusory allegations similar to *respondeat superior* and does not support any allegation with any facts to substantiate the involvement of the City of Cleveland in the federal investigation.

### E. Plaintiff Cannot Maintain a Cause of Action for Conspiracy.

Plaintiff included the words that Defendants "reached an agreement…in furtherance of this conspiracy" against Plaintiff in his Complaint.[28] However, that is insufficient. As previously mentioned, in *Bell Atlantic Corporation v. Twombly*,[29] the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do….Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…."[30] Here Plaintiff merely added the word "conspiracy". This is insufficient to support a cause of action against these Defendants. Further, the bare bones assertion by Plaintiff does not put these Defendants on notice as to which Defendants are targeted for conspiracy claims.

---

[27] *Id.*

[28] Compl. at ¶30.

[29] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007).

[30] *Id.* at 1964-65 (internal citations omitted).

**F. Plaintiff's Federal Claims are barred by the Statute of Limitations.**

Even if Plaintiff overcomes the fact that his complaint does not comply with *Twombly* and *Iqbal*, Plaintiff's claims are barred by the applicable statute of limitations.

Plaintiff does not have a cause of action for any unlawful arrest and incarceration because those claims are time barred. Under the Federal Tort Claims Act, 28 U.S.C. 2401(b), "[a] tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues…"[31] In his complaint, Plaintiff alleges "[i]n 2005, Albert Lee, Jr. was charged, prosecuted, and incarcerated for over two years for crimes he did not commit."[32] Plaintiff had until 2007 to bring his claims for unlawful arrest and incarceration under the Federal Tort Claims Act. Because Plaintiff did not file his complaint until January 22, 2010, Plaintiff is time barred from asserting these claims.

**G. Plaintiff's State Tort Claims are barred by Ohio's One Year Statute of Limitations.**

Defendant Ansari assumes that the United States of America may substitute itself for any state law tort claims in the future. However, those claims, even at this point, cannot stand because they are barred by the statute of limitations.

---

[31] 28 U.S.C. 2401(b).

[32] Compl. at ¶ 1.

11

### i. Malicious Prosecution is barred by Statute of Limitations.

The statute of limitations for "malicious prosecution…shall be commenced within one year after the cause of action accrued."[33] The malicious prosecution cause of action accrues at the termination of the prosecution in favor of the accused.[34]

Here, the cause of action began to accrue when Judge Adams dismissed all the charges against Plaintiff on February 6, 2008. Plaintiff filed this lawsuit against Defendants on January 22, 2010; over eleven months after the statute of limitations had run. The exhaustion of the statute of limitation period bars the Plaintiff from bringing this claim. The state malicious prosecution claims are barred by the statue of limitations and should be dismissed.

### ii. Plaintiff's False Arrest/False Imprisonment Claim is barred by the Statute of Limitations.

The statute of limitations for false arrest/false imprisonment is one year.[35] Again, Plaintiff was arrested, prosecuted, and incarcerated in 2005.[36] Thus, the one-year statute of limitations ran well before Plaintiff filed this case on January 22, 2010.

---

[33] O.R.C. § 2305.11(A).

[34] *Froehlich v. Ohio Dept. of Mental Health* (2007), 114 Ohio St.3d 286, 289.

[35] R.C. § 2305.11(A).

[36] Compl. ¶¶ 1.

### iii. Plaintiff's Claim for Intentional Infliction of Emotional Distress is barred by a One Year Statute of Limitations.

The statute of limitations for intentional infliction of emotional distress varies in Ohio dependant on the underlying claims in the complaint. Typically, the statute of limitations for a claim of intentional infliction of emotional distress is four years.[37] "However, when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress."[38] The *Crist* court determined that a one year statute of limitations applied to plaintiff's claim of intentional infliction of emotional distress because it was based on false arrest/false imprisonment.[39]

Here, Plaintiff claims that he suffered intentional infliction of emotional distress that was caused by Plaintiff being prosecuted for crimes he did not commit, in other words, due to the malicious prosecution.[40] As stated above, the statute of limitations for malicious prosecution is one year.[41] By filing his complaint on January 22, 2010, Plaintiff is well outside the one year statute of limitations.

---

[37] *Crist v. Pugin*, 2008 WL 2571229 *1-2 (N.D. Ohio) citing *Stafford v. Clever Investigations Corp.*, 2007 WL 2800333 *2 (10 Dist. Ct. of App.)

[38] *Id* at *3 citing *Stafford v. Clever*, 2007 WL 2800333 *2.

[39] *Id*.

[40] Compl. at ¶ 27.

[41] O.R.C. § 2305.11(A).

**III. Conclusion**

For the aforementioned reasons, Defendants City of Cleveland and Jamaal Ansari respectfully request that this Honorable Court dismiss Plaintiff's claims against them.

                        Respectfully submitted,

                        ROBERT TRIOZZI (0016532)
                        Director of Law

By:    s/ Jennifer Meyer_____
        JENNIFER MEYER (0077853)
        Assistant Director of Law
        JOSEPH F. SCOTT (0029780)
        Chief Assistant Director of Law
        Room 106 - City Hall
        601 Lakeside Avenue
        Cleveland, Ohio 44114
        216-664-2800
        216-664-2663 (fax)
        jmeyer@city.cleveland.oh.us
        jscott@city.cleveland.oh.us
        ATTORNEYS FOR DEFENDANTS CITY OF CLEVELAND AND JAMAAL ANSARI

CERTIFICATE OF SERVICE

I certify that on March 19, 2010, a copy of the above Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/ Jennifer Meyer
                                                JENNIFER MEYER
                                                Attorney for Defendants City of Cleveland and Jamaal Ansari