IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALBERT LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00151 |
| | ) | |
| LEE LUCAS, *et al*. | ) | Judge Lesley Wells |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF ALBERT LEE'S RESPONSE TO DEFENDANTS CITY OF
CLEVELAND AND JAMAAL ANSARI'S MOTION TO DISMISS**

Plaintiff, Albert Lee, by and through his attorneys, LOEVY & LOEVY, responds to

Defendants City of Cleveland and Jamaal Ansari's Motion to Dismiss as follows:

**Introduction**

Albert Lee is one of many victims of a conspiracy in Mansfield wherein law enforcement

officials framed dozens of innocent civilians for drug crimes that they did not commit.  The frame-

ups were so brazen that third-party stand-ins were used to impersonate innocent victims and audio

recordings were doctored to support the false accusations.  Because this was a secret conspiracy,

however, at the initial pleading stage Mr. Lee is unsure exactly what part each defendant played in

manufacturing the false evidence against him and in hiding the exonerating evidence.

Accordingly, his complaint pleads a number of allegations against the defendants collectively,

accusing them all of coaching witnesses, distorting evidence, burying exculpatory evidence, and

taking other similar actions to frame him for crimes he did not commit.

In their motion to dismiss, however, defendants try to read the complaint with blinders on,

arguing that any paragraph that does not mention defendant Ansari by name, and instead refers to the defendants collectively, does not pertain to him.  As set forth below, in a parallel case involving a different plaintiff, the same defendants, and the same allegations, the Sixth Circuit has already rejected Ansari's attempt to read himself out of these types of collective allegations. There is no reason to exempt Ansari from factual allegations that clearly pertain to all of the law enforcement defendants.  When the complaint is read properly, instead of artificially redacted to ignore all allegations against the defendants collectively, the allegations are specific and non-speculative.  Thus, there is no basis for dismissing the complaint under *Iqbal* and *Twombly*.  Nor do the other bases raised in defendants' motion support dismissal.  The claims in the complaint are properly pled, the City of Cleveland is not entitled to immunity, and, with two exceptions, the claims are not time-barred.

## I.     Plaintiff's Complaint is More Than Adequately Pled

### A.     The Pleading Standards Required Under *Iqbal* and *Twombly*

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), allegations in a complaint need only "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Hunter v. Secretary of U.S. Army*, __ F.3d __, 2009 WL 1361924, *4 (6th Cir 2009) (citations omitted). *Iqbal* and *Twombly* provide, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *citing Twombly*, 550 U.S. at 570.  Under *Twombly*, "[t]he factual allegations in a complaint need not be detailed; they 'need only give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Gritton v. Disponett*, 2009 WL 1505256, *3 (6th Cir., May

27,  2009), *quoting Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Fowler v. UPMC Shadyside*, __ F.3d __, 2009 WL 2501662, *6 (3rd Cir. 2009) (a complaint need not be "as rich with detail as some might prefer[;] it need only set forth sufficient facts to support plausible claims.").  Under *Twombly*, "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The governing Rule for pleading a complaint is Federal Rule of Civil Procedure 8, which states, "A pleading that states a claim for relief must contain:  . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  After *Twombly*, Rule 8 has remained "a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, __ F.3d __, 2009 WL 2535731, *4 (7th Cir. 2009), *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Immediately after *Twombly* the Supreme Court decided *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), which reaffirmed that the pleading requirements are aimed at giving defendants sufficient notice of the claims against them.  In *Erickson*, the Supreme Court held, "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks and citation omitted) (omission in original); *see also Tackett*, 561 F.3d at 488 , *quoting Erickson*, 127 S.Ct. at 2200 ("Just weeks after the *Twombly* decision, however, the Supreme Court . . . reaffirm[ed] the liberal

pleading standard in Rule 8(a)(2): . . . requir[ing] only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'").

After *Erickson*, in *Iqbal*, the Court clarified that a court need not accept as true "legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1950-51.  The Court in *Iqbal* was "admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more" to comply with Rule 8.  *Brooks*, 2009 WL 2535731 at *5.

The *Brooks* court provides a well-reasoned analysis of how to read the three Supreme Court cases together:

> So, what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff
> must provide notice to defendants of her claims. Second, courts must accept a
> plaintiff's factual allegations as true, but some factual allegations will be so sketchy
> or implausible that they fail to provide sufficient notice to defendants of the
> plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts
> should not accept as adequate abstract recitations of the elements of a cause of
> action or conclusory legal statements.

*Id*.  Those basic requirements are more than met here.

### B.       The Complaint's Allegations Apply to All of the Defendants Collectively

Although the complaint alleges that the individual "defendants" (plural) committed most of the specified illegal acts described in the complaint, defendants ask this Court to infer that any allegations that do not name Ansari by name do not pertain to him.  Defendants' motion wishfully claims, "There are no allegations regarding any action or contact Ansari had with this Plaintiff." (Defs. Mem. at 8).  A plain reading of the complaint, however, indicates that Ansari is one of the

4

defendants, and when the "defendants" (plural) are accused of taking certain actions, there is no

reason to exempt Ansari.  *See, e.g.,  Casden v. Burns*, 306 Fed. Appx. 966, 973, 2009 WL

103620, \*6 (6th Cir. 2009), *quoting  Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) (on a

motion to dismiss, "[w]hen an allegation is capable of more than one inference, it must be

construed in the plaintiff's favor.").  As delineated below, Ansari and the other defendants' illegal

actions to frame Mr. Lee for crimes he did not commit were set forth with great specificity in the

complaint.  Accordingly, dismissal at this stage is unwarranted.

   Defendants acknowledge that the complaint includes allegations against the defendants

collectively, but claim (without authority) that collective allegations are inherently conclusory and

thus insufficient under *Iqbal*.  That is simply not the law.

Defendants' lack of authority is for good reason:  this same argument has already been

rejected by the Sixth Circuit and by Judge Oliver in parallel cases involving other victims of this

same conspiracy.  First, in *Westerfield v. United States, et al*., 2010 WL 653535 (6th Cir., Feb.

24, 2010), Ansari argued on appeal that the district court's grant of summary judgment was

proper because the claims in plaintiff's Rule 56(f) affidavit were insufficient, in that they referred

to the defendants' actions collectively instead of individually, and neither the complaint nor the

Rule 56(f) affidavit made allegations against Ansari specifically.  *See* Case No. 08-2258, Doc. No.

00615612718, Argument I(A).  The Sixth Circuit flatly rejected this argument, and reversed the

district court's grant of summary judgment.  *Westerfield*, 2010 WL 653535 at \*5-\*6.

Similarly, in *Danny Brown v. United States, et al.*, Dist. Ct. Case No. 07-C-3750, *aff'd*

*Brown v. Metcalf*, 2010 WL 653540 (6th Cir., Feb. 24, 2010), the complaint alleged that these

same defendants conspired to frame the plaintiff for a crime he did not commit by creating false

evidence to pin the crime on him.  Doc. Ent. 1 (complaint), 86 (opinion) at 3, 7.  Although the

allegations against the defendants in Brown's case were collective and were substantially identical

to the allegations here, Judge Oliver found the complaint sufficient to support Brown's claims for

relief based on defendants' violations of his civil rights, and Ansari's motion for summary

judgment was denied.  *Id*.

 The same result should occur here.  Here, the complaint alleges very specific conduct on

the part of the defendants collectively.  While the collective attribution of specified illegal conduct

to each and all of the defendants may or may not eventually lead to a proof problem, it is not a

pleading problem. *See Gritton v. Disponett*, 2009 WL 1505256, *3 (6th Cir., May 27,  2009),

*quoting Twombley*, 550 U.S. at 563 n. 8 ("[W]hen a complaint adequately states a claim, it may

not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary

support for his allegations or prove his claim to the satisfaction of the factfinder.").  There is

nothing improper or inherently implausible about collective attribution in a complaint.  *See, e.g.,*

*RCO Internatl. Corp. v. Clevenger*, 180 Ohio App. 3d 211, 214, 904 N.E.2d 941, 944 (Ohio

App. 10 Dist. 2008) (reversing summary judgment because complaint's general allegations against

all defendants collectively was sufficient to put individual defendant on notice of allegations

against him); *Schafer v. Johanson*, 2009 WL 2496943, *2 (E.D. Mich. 2009) (considering

complaint containing "several general allegations against Defendants, 'collectively.'").

 In fact, such collective attribution is particularly necessary in a conspiracy case, such as

this one, where plaintiff does not know at the pre-discovery pleading stage what each defendant's

precise role in the bad acts are.  *See, e.g., United States v. Kirk*, 584 F.2d 773, 776 (6th Cir.

1978) (recognizing that evidence to sustain a conspiracy conviction is limited given the inherently

6

secretive nature of conspiracies); *United States v. Green*, 548 F.2d 1261, 1266 (6th Cir. 1977)

(finding that a conspiracy can be supported only by inferential proof when the conspiracy is so

inherently secretive in nature as to only permit the marshaling of circumstantial evidence).

In sum, defendants' inference, to selectively read Ansari out of any allegations against the

defendants collectively, is not consistent with the law. *Westerfield*, 2010 WL 653535 at *5-*6;

*RCO Int'l.*, 180 Ohio App. 3d at 214; *Schafer v. Johanson*, 2009 WL 2496943 at *2.  Plaintiff

alleges that the individual "defendants" committed many of the illegal acts alleged in the

complaint, that attribution includes Ansari, and, as detailed below, those acts are set out with

more than sufficient specificity to survive a motion to dismiss.

**C.**      **The Complaint's Allegations as to Ansari are Specific and Non-Speculative**

The complaint alleges that Ansari and the other defendants directed their confidential

informant to falsely implicate Mr. Lee for a crime he did not commit:  "Acting under the direction

of Defendants in this case, Mr. Bray [(the confidential informant)] began fabricating evidence of

alleged drug buys involving the Plaintiffs in an effort to implicate them in an alleged drug

conspiracy."  Doc. Ent. 1, ¶ 15.  The complaint goes on to specify exactly what that manipulation

of evidence looked like:  "In or about May 2007, Mr. Bray admitted that he, in concert with and at

the direction of Defendants, used third-party stand-ins to stage drug buys, helped manipulate

recordings, and otherwise fabricated evidence in an effort to arrest and prosecute innocent

persons."  *Id.*, ¶ 16.  The complaint expands even further on those allegations:  "In order to build

a false case against the Plaintiff, the Defendants knowingly used fabricated evidence developed by

Mr. Bray, otherwise fabricated evidence that falsely implicated Plaintiff, and destroyed and/or

otherwise withheld from prosecutors and from Plaintiff evidence that would have helped

exonerate [him]." *Id.* ¶ 17.  The complaint specifies that the defendants conspired together to manipulate witnesses and withheld this exculpatory material from prosecutors.  *Id.* ¶ 18 -19. Finally, the complaint details that Ansari was present when Bray tried to steal money during the drug "investigations," but Ansari hid that evidence and made false statements in his reports to corroborate Bray, in order to bolster Bray's failing credibility.  *Id.* ¶ 22.

These are not generalized, formulaic recitations of the elements of a cause, merely stating that defendants violated Mr. Lee's rights.  Nor are they mere labels, conclusions, or parroted elements of the constitutional violations.  Instead, the allegations provide specific details about how the defendants' conduct violated Lee's rights – each defendant violated Mr. Lee's rights by fabricating inculpatory evidence, withholding exculpatory evidence, manipulating witnesses, and tampering with the audio recording evidence.  Moreover, there is nothing inherently implausible about the possibility that all of the defendants acted in concert to together commit the illegal acts alleged.  These allegations far surpass what is demanded by *Twombly* and *Iqbal*.

Defendants' only cited authority on this point, *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (a pre-*Twombly* case), provides a sharp contrast demonstrating the sufficiency of the allegations here.  The complaint in *Chapman* alleged, "conduct on the part of Defendants is in derrogation [sic] of Plaintiffs' rights to due process of law and to the equal protection of the laws guaranteed them by the Fourteenth Amendment to the United States." *Id.*  Here, however, the complaint spells out exactly how Ansari and the other defendants violated plaintiff's rights – manufacturing evidence, using stand-ins to fabricate drug deals, coaching witnesses, hiding *Brady* materials, and doctoring recordings.  That is a far-cry from the limited allegation in *Chapman*.

Finally, even if this Court were to agree with defendants' claim that each allegation against

Ansari must specifically refer to him by name, rather than refer to the defendants collectively, Mr. Lee's complaint alleges that Ansari was aware that Bray, the informant used to implicate Lee, tried to steal money from the law enforcement officials directing him, but Ansari deliberately hid that information and made false statements in his reports, to bury this impeachment evidence. Doc. Ent. 1, ¶ 22.  The fact Mr. Lee's accuser was using the so-called investigations in order to steal money from the government was exculpatory information in that it would have impeached Bray.  Thus, Ansari's cover-up provides a viable basis for the claim against him for violation of Mr. Lee's right to due process.  *See, e.g., United States v. Bagely*, 473 U.S. 667, 679, n.7 (1985) (the deliberate suppression of favorable evidence violates established rights).  Ansari argues that the evidence does not support this allegation, but that is an improper argument for a motion to dismiss, which just considers the sufficiency of the pleadings.

In sum, the allegations against Ansari are detailed and specific.  Ansari's claim that they cannot be jointly against him and the other defendants not only lacks authority, it has been rejected by the Sixth Circuit and by at least one other judge in this District – Judge Oliver. Ansari's motion to dismiss should be denied.

**D.    The Complaint's Allegations as to City of Cleveland are Sufficient**

The complaint alleges that Mr. Lee's injuries were proximately caused by the City of Cleveland's policies and practices, the City's deliberate indifference to its employees' abuse of citizens, and the City's failure to train and supervise its officers, as manifested by the abuses committed by the City's officer, defendant Ansari. Doc. Ent. 1, ¶ 32-35.  The defendants do not appear to dispute the specificity or sufficiency of those allegations, except to the extent that they dispute the sufficiency of the allegations against Ansari.  As detailed above, the allegations against

Ansari are more than sufficient.

Citing to R.C. § 2744.02(A)(1), the City argues that it is entitled to statutory immunity for any state law claims, under Ohio law.  (Defs. Mem. at 7-8).  But that statute provision has been held unconstitutional in this context.  *See Kammeyer v. City of Sharonville*, 311 F. Supp. 2d 653, 660-62 (S.D. Ohio 2003), ("the Court will not dismiss Plaintiffs' claims for conspiracy, spoliation of evidence, and intentional infliction of emotional distress based on Ohio Revised Code § 2744, which the Court holds violates Section 5, Article I and Section 16, Article I of the Ohio Constitution."); *see also Estate of Owensby v. City of Cincinnati*, 385 F. Supp. 2d 619, 623 (S.D.Ohio 2004) (relying on *Kammeyer* to deny the City's motion for summary judgment on statutory immunity grounds); *but see Kinzer v. City of West Carrollton, Ohio*, 2008 WL 3200652, *9 (S.D.Ohio 2008) (declining to hold Section 2744 unconstitutional and finding that the City was immune from common law liability).

Regardless, the City is not entitled to immunity for Mr. Lee's Section 1983 claims under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 701  (1978) ("municipal bodies sued under § 1983 cannot be entitled to an absolute immunity, lest our decision that such bodies are subject to suit under § 1983 'be drained of meaning'") (citations omitted); R.C. § 2744.09(E) ("This chapter does not apply to, and shall not be construed to apply to, the following: . . . Civil claims based upon alleged violations of the constitution or statutes of the United States").

E.     **Plaintiff's Failure-to-Train Claim is Properly Pled**

Defendants' argument as to these claims are essentially summary judgment arguments, masked as a motion to dismiss.  The Sixth Circuit has already ruled that discovery should be allowed on these types of allegations before the victims of the secret conspiracy should be forced

to provide actual proof of their allegations.  *Westerfield v. United States, et al.*, 2010 WL 653535 (6th Cir., Feb. 24, 2010).  At this juncture, Mr. Lee cannot be required to have actual evidence proving his failure to train claims.

As for any pleading issue, the claims pled are specific and ample: the complaint details egregious violations of Mr. Lee's civil rights, such as manipulation of witnesses, evidence tampering, and the withholding of exculpatory evidence.  Doc. Ent. 1, complaint, ¶ 15-19.  The complaint also alleges that plaintiff's injuries were proximately caused by the City's policy and practice "to pursue wrongful convictions through profoundly flawed investigations," as described in the preceding paragraphs.  *Id.* at ¶ 32.  The complaint concludes, "The widespread practices described in the preceding paragraphs were allowed to flourish because. . . the City of Cleveland declined to implement sufficient training and/or any legitimate mechanisms for oversight or punishment."  *Id.* at ¶ 34.  It is hard to imagine what more a plaintiff could allege to support a failure to train allegation.  These allegations are far more than a mere parroting of statutory elements and are more than sufficient to give the City notice of the allegations against it.

### F.    Plaintiff's Conspiracy Claims are Properly Pled

Through selective editing and an elimination of all context, defendants try to make it appear that the complaint only contains a bare-bones claim for conspiracy.  Review of the complaint in its entirety, however, handily defeats the defendants' motion.

The complaint does state, as defendants claim, that defendants "reached an agreement to deprive Plaintiff of his constitutional rights by illicit means," and "took actions in furtherance of this conspiracy."  Doc. Ent. 1, ¶ 30.  But the complaint also spells out exactly how that deprivation of rights occurred, what the illicit means were, and what actions were taken in

furtherance of the conspiracy.  The complaint accuses defendants of "fabricating evidence," using "third-party stand-ins to stage drug buys," helping to "manipulate recordings," destroying evidence, and withholding from prosecutors and plaintiff evidence that would have exonerated Mr. Lee, all in an effort "to arrest and prosecute innocent persons."  *Id*. ¶¶ 15-17.  The complaint specifies, "In an effort to indict and imprison Plaintiff for crimes he did not commit, the Defendants, acting personally as well by and through conspiracy with others, manipulated and coached witnesses, including Mr. Bray, and then withheld from the prosecutors and Plaintiff how they had done so."  *Id*. ¶ 18.  These are very specific allegations, more than sufficient under *Iqbal* and *Twombly*, that defendants ignore in their redaction of the complaint.

## II.      Statute of Limitations

### A.      The Federal Tort Claims Act Has No Bearing on this Matter

Defendants first argue that the Federal Tort Claims Act bars plaintiff's claims because the Act provides that a tort claim against the United States shall be forever barred unless action is begun within two years after such action accrues.  28 U.S.C. 2401(b).  Albert Lee has not sued the United States in this case, so the statute of limitations for suing the federal government is wholly irrelevant here.  Ansari assumes that at some point the United States may substitute in for him, but until that occurs and until the government raises a statute of limitations defense, any consideration of that hypothetical contingency is premature.  *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 582 (6th Cir. 2008) ("As a rule, we do not allow litigation on premature claims to ensure that courts litigate 'only existing, substantial controversies, not hypothetical questions or possibilities.'") (citation omitted).

### B.      Ohio's Statute of Limitations

Defendants next argue that certain state law tort claims are barred by Ohio statutes of limitations. Mr. Lee concedes that state law claims for malicious prosecution and false imprisonment are time-barred under the one year limitation requirement set forth in O.R.C. § 2305.11(A). As for intentional infliction of emotional distress, discovery is necessary to determine whether the statute of limitations for false imprisonment should govern or whether the defendants' conduct was "extreme and outrageous" enough to constitute a tort in its own right, warranting application of "the full four-year limitation period applicable to actions for intentional infliction of emotional distress." *Presti v. Ahrens*, 1988 WL 122934, *7 (Ohio App. 8 Dist. 1988); *Pournaras v. Pournaras*, 1985 WL 4613, *4 (Ohio App. 8 Dist. 1985) (same).

## Conclusion

Defendants' motion to dismiss should be denied. The Sixth Circuit has already determined that Ansari cannot escape from allegations against the defendants collectively simply because the defendants are not each individually named. Both the Sixth Circuit and Judge Oliver from this District have upheld the sufficiency of the allegations against the defendants collectively. Because the claims are pled with detail and are entirely plausible, they are more than sufficient under the law.

RESPECTFULLY SUBMITTED,


/s/ Mark Loevy-Reyes
Attorneys for Plaintiff


13

Jon Loevy
Mark Loevy-Reyes
Debra Loevy-Reyes
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900


## CERTIFICATE OF SERVICE

      I hereby certify that on March 25, 2010, I filed electronically a copy of the foregoing
Plaintiff's Response to Defendants Ansari and City of Cleveland's Motion to Dismiss.  Notice of
this filing will be sent by operation of the Court's electronic filing system to all parties indicated
on the electronic filing receipt.  Any other parties will be served by regular U.S. mail.  Parties may
access this filing through the Court's system.

<div style="margin-left:50%">

s/ Mark Loevy-Reyes
Mark Loevy-Reyes
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
Ph. – 312-243-5900
Fx. – 312-243-5902
loevy@loevylaw.com

</div>